**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04 CR 253-9 |
| v. | ) | |
| WILLIAM FULLER III, | ) | HONORABLE DAVID H. COAR |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Following a jury trial, Defendant William Fuller III ("Defendant") was convicted of conspiracy to distribute and to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, and of using a telephone to commit the felony described above, in violation of 21 U.S.C. § 843(b). Before this Court is Defendant's motion for a new trial. For the reasons discussed below, Defendant's motion is DENIED.

**II.  BACKGROUND**

On November 30, 2005, Defendant proceeded to trial on a multi-count, second superseding indictment charging eleven defendants with, in brief, conspiracy to distribute cocaine and crack cocaine. On December 8, 2005, the jury found Defendant guilty of one conspiracy count (Count One) and three telephone facilitation counts (Counts Three, Six, and

Sixteen). On a special verdict form, the jury found that Defendant's role in the conspiracy involved in excess of 500 grams of a mixture containing cocaine.[1]

### III. STANDARD

A district court should grant a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure "if the interest of justice so requires." Fed. R. Crim. P. 33. Rule 33 motions are not favored and are granted in only the most extreme cases. United States v. Linwood, 142 F.3d 418, 422 (7th Cir. 1998); United States v. Kamel, 965 F.2d 484, 490 (7th Cir. 1992). Courts have required new trials when "trial errors or omissions have jeopardized the defendant's substantial rights." United States v. Reed, 986 F.2d 191, 192 (7th Cir. 1993). Essentially, however, **"the evidence [presented a trial] must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand."** United States v. Reed, 875 F.2d 107, 113 (7th Cir. 1989) (internal citation omitted).

### IV. ANALYSIS

Defendant argues that the Government failed to prove his guilt beyond a reasonable doubt because the evidence showed that he and the leader of the alleged conspiracy, Rodney Bew ("Bew"), were competitors not conspirators. According to Defendant, the evidence established that the two men did not have a close relationship and never pooled money to buy cocaine; they did not share customers and Bew never even tried to discover the identity of

---

[1] The jury found that, as to Defendant, Count One involved no amount of cocaine base in the form of "crack cocaine."

Defendant's customers; Bew had no control over Defendant; and any relationship between the two men was based on deception in that Bew always kept his supplier a secret and would often sell Defendant diluted cocaine. Defendant argues this evidence established, at best, a buyer-seller relationship. Consequently, the evidence was insufficient to sustain not only his conspiracy conviction, but also the jury's the special verdict and his conviction on the telephone facilitation counts. Lastly, Defendant argues that he did not receive a fair and impartial trial, due process of law, and equal protection of the law under the Fifth Amendment, and that this Court erred in its evidentiary rulings during trial. Defendant does not elaborate on any of these final grounds for a new trial.

The Seventh Circuit has distinguished between a conspiratorial agreement and a buyer-seller relationship as follows:

> To distinguish between a buyer-seller relationship and a conspiratorial agreement, we look for evidence of a prolonged and actively pursued course of sales, coupled with the defendants' knowledge of and shared stake in the illegal venture. Factors considered in determining whether the association at issue amounts to a conspiracy include whether there was prolonged cooperation between the parties, a level of mutual trust, standardized dealings, sales on credit (or "fronting"), and the quantity of drugs involved. Although none of these factors is dispositive, if enough are present and point to a concrete, interlocking interest beyond individual buy-sell transactions, we will not disturb the factfinder's inference that at some point, the buyer-seller relationship developed into a cooperative venture.

United States v. Suggs, 374 F.3d 508, 518 (7th Cir. 2004) (internal quotation marks and citations omitted). "Guilt can be inferred by the circumstances and the conduct of the parties." United States v. Gardner, 238 F.3d 878, 879 (7th Cir. 2001).

The evidence presented at trial–Bew's testimony and several recorded telephone conversations–could lead a jury to conclude that Defendant's buyer-seller relationship with Bew

evolved into a cooperative venture as outlined above.[2]  First, while the evidence established that Defendant was a dealer with his own customers, a jury could infer that Bew had a shared stake in Defendant's illegal venture.  As the recorded calls demonstrated, Bew expressed interest in whether Defendant's customers liked the cocaine Bew sold Defendant, and Bew sometimes called Defendant to purchase cocaine when Bew's supply ran low.  Counts Three and Six provide examples of the latter type of call.  Second, as evidence of an established method of payment, Bew testified that he would sometimes "front" Defendant by lending him cocaine and taking payment seven to ten days later.  In fact, Bew testified that he sold Defendant cocaine on credit most of the time.  Count Sixteen involves one such transaction: In the call, Bew seeks to collect money owed to him by Defendant.  Third, a jury could infer that Defendant and Bew's transactions were prolonged, actively pursued, and standardized.  Bew testified that Defendant bought cocaine from him at least every other week during a four to five month period and that, at least three times during 2003, Defendant sold Bew cocaine.  Finally, while Bew testified that he did not trust Defendant, a jury could infer sufficient mutual trust from the fact that Bew fronted drugs to Defendant.  Thus, the evidence, viewed in light of the factors outlined in Suggs, does not preponderate heavily against the conspiracy conviction or the telephone facilitation conviction.  Nor does the evidence preponderate heavily against the jury's special verdict: Bew testified that he sold at least 750 grams of cocaine to Defendant.

---

[2] The jury in the instant case was given a buyer-seller instruction informing them that a mere purchaser of cocaine is not a member of a conspiracy to distribute cocaine.  The jury nonetheless read the evidence in the record as indication that Defendant was more than a mere buyer or seller.

Defendant's arguments about the deception inherent in his relationship with Bew, Bew's lack of control over him, and the absence of evidence that Bew pooled money with Defendant to buy cocaine as Bew did with other conspirators, are unavailing. "To join a conspiracy . . . is to join an agreement, rather than a group," United States v. Townsend, 924 F.2d 1385, 1390 (7th Cir. 1991) and, as the Government correctly notes, control and absence of deception are not elements required to find a conspiracy. See generally United States v. Macedo, 406 F.3d 778, 791 (7th Cir. 2005) (stating elements). Finally, Defendant's Fifth Amendment objections and objections to this Court's evidentiary rulings are neither developed nor supported; therefore, they do not warrant a new trial.

In sum, Defendant's case is not the extreme one involving errors or omissions at trial. Nothing presently before the Court suggests that the interest of justice requires a new trial.

## V. CONCLUSION

For the foregoing reasons, Defendant's motion for a new trial is denied.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

Dated: **April 4, 2006**